## ZEIZER *v.* THE STATE.

LIQUOR LAW.—*Affidavit.*—An affidavit charging a violation of the sixth section of the liquor law of 1873 (Acts 1873, p. 154), by selling to a person in the habit of getting intoxicated, must allege that the person was, at the time the sale was made, in the habit of getting intoxicated.

SAME.—*Evidence.*—The evidence on the trial of such charge should fix upon the purchaser the habit of getting intoxicated at the time the sale was made. Evidence of his habit within a reasonable time before the sale is admissible as tending to show what his habit was at the time of the sale.

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

DOWNEY, J.—This was a prosecution against the appellant under the liquor law of 1873. The action was commenced before a justice of the peace, where, after conviction, the defendant appealed to the circuit court. In the circuit court, there was a motion by the defendant to quash the affidavit, which was overruled. On plea of not guilty, there was a

VOL. XLVII.—9

trial, a finding of guilty, a motion for a new trial overruled, and sentence pronounced against the defendant.    Here it is assigned as error, among other things, that the court improperly refused to quash the affidavit, and to grant a new trial.

The affidavit, in substance, charges that the defendant, at a previous date, sold to the affiant intoxicating liquors, and that the affiant was at the date of the making of the affidavit in the habit of being intoxicated.   It is not alleged that the purchaser of the liquor was in the habit of being or getting intoxicated at the date of the sale of the liquor.

The sixth section of the act is as follows :   " It shall be unlawful for any person, by himself or agent, to sell, barter, or give intoxicating liquors to any minor, or to any person intoxicated, or to any person who is in the habit of getting intoxicated." Acts 1873, p. 154.

The fourteenth section provides the penalty for violating section 6.

We think the pleader has in this case, and in this respect, followed too closely the letter of the statute.

It is alleged, speaking as of the date of the affidavit, that the purchaser " is a person in the habit of being intoxicated." We think it should have been stated that the purchaser was at the time of the sale in the habit of getting intoxicated.

The affidavit alleges, that the sale was on the 1st day of November, 1873.   The trial was on the 12th day of February, 1874.   The only evidence as to the habit of the purchaser was this :   " It is admitted that Chancey B. Lewis is a person in the habit of being intoxicated."   The allegation and the proof should have fixed upon the purchaser the habit of getting intoxicated at the time when the sale was made.   Evidence of his habits within a reasonable time before the sale would have been admissible, as tending to show what his habit was at the time of the sale.

There are other questions made, which, however, it is unnecessary for us to decide.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion to quash the affidavit.